1  SEAN P. FLYNN (SBN: 220184)
   GORDON & REES LLP
2  2211 Michelson Drive
   Suite 400
3  Irvine, CA 92612
   Telephone: (949) 255-6950
4  Facsimile: (949) 474-2060

5  Attorneys for Defendant
   FOCUS RECEIVABLES MANAGEMENT, LLC
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | SAM COYAZO, | CASE NO. |
| --- | --- | --- |
| 12 | Plaintiff, | [San Bernardino County Superior Court Case No. CIVDS 1607928] |
| 13 | vs. | |
| 14 | FOCUS RECEIVABLES MANAGEMENT, LLC, and DOES 1 through 10, inclusive, | **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)** |
| 15 | | |
| 16 | Defendant. | [Filed concurrently with Notice of Lodgment of State Court Pleadings and Civil Case Cover Sheet] |
| 17 | | |
| 18 | | Complaint filed: May 13, 2016 |

19

20  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21        **PLEASE TAKE NOTICE** that Defendant Focus Receivables Management,

22  LLC (hereinafter referred to as "Focus") respectfully submits this Notice of

23  Removal in this civil action from the Superior Court of the State of California for

24  the County of San Bernardino to the United States District Court for the Central

25  District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal

26  question jurisdiction.  Specifically, Plaintiff Sam Coyazo asserts a claim for

27  damages against Focus arising out of alleged violations of the Rosenthal Fair Debt

28  Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA") and the Fair

-1-
NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A)

Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

In support of this Notice of Removal, Focus, through its counsel, states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of San Bernardino on May 13, 2016, styled *Sam Coyazo v. Focus Receivables Management, LLC*, Case No. CIVDS 1607928 (the "State Court Action"). See Complaint, attached hereto as Ex. A.

2. The Complaint alleges violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* Complaint, p. 1.

3. The Complaint was served on Focus on June 9, 2016.

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

4. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

5. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

6. In *Stewart v. Dollar Loan Ctr., LLC.*, 2013 U.S. Dist. LEXIS 71157, 3-4, 2013 WL 2233029 (D. Nev. May 17, 2013), the plaintiff alleged violations of the Fair Debt Collection Practices Act. The court held that removal was proper because the plaintiff had alleged a federal cause of action over which the court had original, federal question jurisdiction. (*Ibid.*)

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

7. This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges Focus violated §§ 1692(d) & (e) in multiple ways. Complaint, ¶ 13.

8. Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Focus pursuant to 28 U.S.C. § 1441(b).

9. The Complaint also alleges state law claims against Focus, namely, that Focus violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* *See* Complaint, ¶ 13. These allegations are based on the same set of operative facts that form the basis of Plaintiff's federal FDCPA claim, and this Court has supplemental jurisdiction over the state claims asserted in the Complaint pursuant to 28 U.S.C. § 1441(c).

## TIMELINESS OF REMOVAL

10. As noted above, the Complaint was served on Focus on June 9, 2016. Focus's Notice of Removal is timely because Focus filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

11. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of San Bernardino, which is located within the United States District Court for the Central District of California.

## COMPLIANCE WITH REMOVAL PROCEDURES

12. Focus has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the Notice of Removal is

-3-

NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A)

1 filed within 30 days of the service of the amended pleading from which it may first
2 be ascertained that the case is one which is or has become removable.

3     13. Pursuant to § 1446(d), a copy of this Notice of Removal, including
4 exhibits, is being served on Plaintiff.

5     14. Pursuant to § 1446(d), a copy of this Notice of Removal, including
6 exhibits, will be filed with the Superior Court of the State of California for the
7 County of San Bernardino, in Case No. CIVDS 1607928.

8     15. Copies of all process, pleadings and orders served on Focus are
9 incorporated herein. *See* Notice of Lodgment of State Court Pleadings, filed
10 concurrently herewith.

11     WHEREFORE, for the foregoing reasons, Focus removes this action from
12 the Superior Court of the State of California for the County of San Bernardino to
13 the United States District Court for the Central District of California and
14 respectfully requests that this Court exercise jurisdiction over this action.

15 Dated: July 8, 2016                             GORDON & REES LLP

By:   *s/ Sean P. Flynn*
      Sean P. Flynn
      Attorneys for Defendant Focus
      Receivables Management, LLC

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Focus Receivables Management, LLC, and DOES 1 through 10, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Sam Coyazo,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 13 2016

BY _____
CHARLENE JOHNSON, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Bernardino Co.
247 W. 3rd St.
San Bernardino, Ca 92415

**CASE NUMBER:**
*(Número del Caso)*
CIVDS1607928

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
L. Paul Mankin, Esq., 4655 Cass St., Ste. 112, San Diego, Ca 92109, (800)219-3577

DATE: MAY 13 2016          Clerk, by Charlene Johnson          , Deputy
(Fecha)                    (Secretario)                        (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] COPY          BY FAX

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify):* Focus Receivables Management

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* limited liability corporation
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Paul Mankin, Esq. (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
Phone: (800) 219-3577
Fax: (323) 207-3885
pmankin@paulmankin.com
www.paulmankin.com
Attorney for Plaintiff

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 13 2016

BY _____
CHARLENE JACKSON, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO
## LIMITED JURISDICTION

SAM COYAZO,

Plaintiff,

vs.

FOCUS RECEIVABLES MANAGEMENT, LLC, and DOES 1 through 10, inclusive,

Defendant.

Case No. CIVDS1607988

COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiff, Sam Coyazo ("Plaintiff"), is a natural person and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff at all relevant times with respect to this complaint was a resident of San Bernardino County California within the city of Redlands.

3. At all relevant times herein, Defendant, Focus Receivables Management, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692(a)(5), and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted by Plaintiff on his telephone number ending in -3155 regarding an alleged debt owed. Defendant placed many of its collection calls from (866) 664-2513.

Complaint - 2

7. Said alleged debt is approximately ten years old.

8. Within one year prior to the filing of this action, specifically on or around April of 2016, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

9. As an illustrative example (and not one of limitation), Defendant contacted or attempted to contact Plaintiff at the following dates and times: April 22, 2016 at 1:31 p.m.

10. On information and belief, on average, Plaintiff has received approximately two (2) telephone calls per day from Defendant.

11. On multiple occasions, including April 22, 2016, Plaintiff demanded that Plaintiff stop contacting him, but Defendant continued to contact him nonetheless.

12. The natural and probable consequences of Defendant's conduct in contacting Plaintiff were to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692(d));

    b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§1692d(5));

    c) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ. Code §1788.11(d)).

14. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and,
    D. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this April 28, 2016

By: _____
Paul Mankin, Esq.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I the undersigned, certify and declare that I am over the age of 18 years, and am an employee of Gordon & Rees LLP, 2211 Michelson Drive, Suite 400, Irvine, California 92612.

On **July 8, 2016** and pursuant to FRCP 5(b), I served a true and correct of the foregoing **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION); CIVIL CASE COVER SHEET** on the parties below by US Mail addressed as follows to:

| | |
|---|---|
| L. Paul Mankin, Esq.<br>Law Office of L. Paul Mankin<br>4655 Cass Street, Suite 112<br>San Diego, CA  92109<br>(800) 219-3577<br>Fax (323) 207-3885<br>pmankin@paulmankin.com | *Attorneys for Plaintiff*<br>*Sam Coyazo* |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8, 2016, at Irvine, California.

_____
Leslie M. Handy